IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

UNITED STATES OF AMERICA,        *
                                 *
                                 *
vs.                              *  CRIMINAL NO. 16-00068-KD
                                 *
KENNETH LABARRON WILLIAMS,       *
                                 *
        Defendant.               *

ORDER

This action is before the Court on the Government's Motion for Detention. (Doc. 68). Upon careful review of the court file, including the pretrial services report, the evidence presented at the detention hearing, which was conducted on May 6, 2016, and applicable case law, the Court, for the reasons that follow, grants the Government's motion.

**Background**

Defendant has been charged in a nine count indictment with conspiracy to distribute marijuana in violation of Title 21 U.S.C. § 846, possession with intent to distribute marijuana in violation of 21 U.S.C. § 841 and possession of a firearm during a drug trafficking crime in violation of Title 18 U.S.C. § 924(c). The pretrial services report (Doc. 82) reflects that Defendant is age 28, that he reported "on and off" employment with his uncle at Alexander Construction, that he listed an address of 8701 Hamilton Brices Drive South, Mobile, Alabama, that he was

convicted of possession of marijuana in 2012, that he was charged with the state equivalent of the instant charges in March 2015, and that he was arrested on the instant charges when he returned to this country following a trip to Belize.  The pretrial report also reflects that Defendant's girlfriend reported that he lived "on and off" with her and their children at the Hamilton Brices Drive address, and that his other address was his grandfather's residence at 803 Baltimore Street, Mobile, Alabama.

At the detention hearing, defense counsel argued that Defendant is not a flight risk or a danger to the community, and he presented three supporting witnesses.  The first witness, Mr. Alexander, testified that he owns a construction company, that Defendant has worked with him since last year earning approximately $400 weekly, that Defendant is not related to him, and that Defendant could return to his job, if released.  On cross examination, Mr. Alexander testified that Defendant is paid in cash, and that he was not aware that Defendant had recently traveled to Belize.  Also presenting testimony was Mr. Cheney, who works for the local bonding company that secured Defendant's release following his arrest on the state equivalent charges in March 2015.  Mr. Cheney testified that he is not aware of any state order that restricts Defendant from traveling out of the country, that Defendant has returned to court when directed to do

so, and that Defendant notified the bonding company of his travel to Belize.  On cross examination, Mr. Cheney testified that at the time Defendant secured the bond, he listed his address as 1601 Forest Street, and listed a Baltimore Street address as an alternative.

Defendant's brother, Michael Williams, also testified on his behalf.  He testified that Defendant was residing with him and his family on Meadowgate Drive before his release, and that Defendant would also spend some nights with his girlfriend and his children at a Stanton Road location.

The Government proffered evidence that when Defendant was arrested in March 2015, he had $11,000 in cash on his person, and was also in possession of a firearm.  The Government also proffered evidence that upon his arrest in March 2015, Defendant provided a home address of 1601 Forest Street, which was vacant and had no power, that a search of a residence on Cross Creek Drive uncovered 50 pounds of marijuana, a semiautomatic pistol, scales and $600 in cash, and at the time, Defendant's girlfriend reported that she and the Defendant were the only two people with keys to and residing in the Cross Creek Drive residence.  The Government also asserted that by traveling outside the country, Defendant violated the terms of his state release.

**Analysis**

3

Pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 3142, a defendant may be detained pending trial only after a hearing held pursuant to 18 U.S.C. § 3142(f), and upon a finding that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e). The Bail Reform Act directs the Court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or

4

> completion of sentence for an offense under
> Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to
> any person or the community that would be posed
> by the person's release.  In considering the
> conditions of release described in subsection
> (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section,
> the judicial officer may upon his own motion, or
> shall upon the motion of the Government, conduct
> an inquiry into the source of the property to be
> designated for potential forfeiture or offered as
> collateral to secure a bond, and shall decline to
> accept the designation, or the use as collateral,
> of property that, because of its source, will not
> reasonably assure the appearance of the person as
> required.

18 U.S.C. § 3142(g).

Where there is probable cause to believe that a defendant committed a firearm offense in violation of § 924(c), it is presumed, subject to rebuttal, that the defendant is both a flight risk and a danger to the community. 18 U.S.C. § 3142(e)(3)(B).  An indictment suffices to invoke this presumption.  United States v. Trosper, 809 F.2d 1107, 1110 (5th Cir. 1987).

The undersigned observes, as a preliminary matter, that while the Government asserted during the hearing that the presumption does not apply in this case, the statute provides otherwise.  In other words, because the indictment includes a gun charge under 18 U.S.C. § 924(c), there is a rebuttable

presumption in this case that the Defendant is both a flight risk and a danger to the community.  18 U.S.C. § 3142(e)(3)(A).

With respect to issue of flight risk, the undersigned finds that the Defendant has rebutted the presumption.  According to the pretrial services report and the evidence submitted at the hearing, Defendant is a lifelong resident of this area and has strong ties to the community.  Further, while there is evidence that Defendant recently traveled to Belize to celebrate his birthday, that he gave officers false information regarding his residence, and that family members also gave conflicting and misleading evidence regarding his residence, there is likewise evidence that he has a number of relatives, including his children, his mother, and his brother residing in this area, that he has lived here most of his life, that he has appeared in court when directed to do so, and that he has employment, albeit questionable.  Based on the totality of the evidence presented, the undersigned finds that Defendant has rebutted the presumption that he is a flight risk and that there are conditions, such as home confinement and electronic monitoring, that would reasonably assure Defendant's appearance.

Turning next to the danger issue, the undersigned finds that Defendant has not rebutted the resumption that he is a danger to the community.  First, the Government's case against

6

Defendant is strong, thus making it more likely that if he stands trial, he will be convicted. See 18 U.S.C. § 3142(g)(2). As noted, the Government has proffered evidence that on March 3, 2015, Defendant was arrested with $11,500 in cash and a firearm, although his alleged earnings are between $300 and $400 weekly. Further, a search of his residence, which Defendant sought to conceal, yielded 50 pounds of marijuana, $600 in cash, a semiautomatic firearm, and a scale. Additionally, Defendant has a prior drug conviction and faces substantial jail time if convicted of the instant charges. While defense counsel argued that electronic monitoring would adequately address the danger issue, the undersigned finds that such would not prevent Defendant's involvement with criminal activity if he were so inclined. This is particularly true given the fact that family members appear complicit in assisting Defendant in providing conflicting and misleading information to the Court regarding Defendant's residence. Accordingly, the undersigned finds, by clear and convincing evidence, that Defendant has not rebutted the presumption that he is a danger to the community and that there are no conditions that will reasonably assure the safety of the community. Thus, Defendant shall be detained.

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a

corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**DONE** this **13th** day of **May, 2016.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**